IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Charleston Division

**AMEE NICOLE TOPPING,**

    **Plaintiff,**

v.                                                                             **Case No. 2:09-cv-1173**
                                                                            **Judge Joseph R. Goodwin**

**MACYS DEPARTMENT STORES
INCORPORATED, an Ohio
Corporation, and ESTEE LAUDER SERVICES,
INC., a Delaware corporation, doing business as
MAC COSMETICS,**

    **Defendants.**

# Answer of Defendants to Complaint

Defendants, Macy's Midwest, an unincorporated division of Macy's Retail Holdings, Inc. ("Macy's")[1], and Make-Up Art Cosmetics, Inc.[2] ("MAC"), by counsel, respectfully submit their answer to Plaintiff's Complaint.

### First Defense

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

---

[1] Plaintiff has inaccurately identified the corporate entity as Macys Department Stores Incorporated. Defendants previously included in their *Notice of Removal* a motion to substitute the proper party and correct the style of this case going forward.

[2] Plaintiff has inaccurately identified the corporate entity as Estee Lauder Services, Inc. Defendants previously included in their *Notice of Removal* a motion to substitute the proper party and correct the style of this case going forward.

## Second Defense

1. Defendants are without information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of Plaintiff's Complaint and, therefore, demand strict proof of the same.

2. Macy's denies that it is an Ohio corporation, but admits that it is authorized to conduct business in the state of West Virginia. Macy's affirmatively states that it is a New York corporation with its principal place of business in Ohio.

3. MAC admits that it is a Delaware corporation and that it manufactures and sells cosmetic products for use in West Virginia, but denies the remaining allegations set forth in Paragraph 3 of Plaintiff's Complaint.

4. Defendants object to the allegations set forth in Paragraph 4 of Plaintiff's Complaint because the allegations are vague, ambiguous and confusing. To the extent Defendants understand Plaintiff's allegations, Defendants deny the allegations set forth in Paragraph 4 of Plaintiff's Complaint.

5. Defendants are without information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of Plaintiff's Complaint and, therefore, demand strict proof of the same.

6. Defendants are without information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of Plaintiff's Complaint and, therefore, demand strict proof of the same.

7. Defendants deny the allegations as stated in Paragraph 7 of Plaintiff's Complaint and demand strict proof thereof.

8. Defendants deny the allegations as stated in Paragraph 8 of Plaintiff's Complaint and demand strict proof thereof.

9. Defendants deny the allegations as stated in Paragraph 9 of Plaintiff's Complaint and demand strict proof thereof.

## Third Defense

Defendants deny all allegations not specifically admitted herein.

## Fourth Defense

The causes of action asserted in the Complaint are barred by the applicable statute of limitations.

## Fifth Defense

The claims against Defendants are barred in whole or in part because if Plaintiff was exposed to any product designed, manufactured, distributed or supplied by Defendants, such exposure was not on a regular basis over an extended period of time, and, therefore, such exposure was not a proximate cause or a substantial factor in causing her alleged injuries and damages, if any.

## Sixth Defense

The claims against Defendants are barred in whole or in part because Plaintiff freely and voluntarily assumed risks that proximately caused Plaintiff's injuries, if any.

## Seventh Defense

The claims against Defendants are barred in whole or in part because Plaintiff's negligence proximately caused or contributed to her alleged injuries and damages. Plaintiff's claims are also barred in whole or in part by the doctrine of comparative negligence, and any awards to Plaintiff should be reduced by the percentage of her negligence.

## Eighth Defense

The claims against Defendants are barred in whole or in part because, upon information and belief, Plaintiff failed to mitigate her damages, if any, as required by law.

## Ninth Defense

The claims against Defendants are barred in whole or in part because the alleged injuries of which Plaintiff complains were proximately caused or contributed to by persons or entities other than Defendants.

## Tenth Defense

At all times material hereto, the state of the medical and industrial art was such that there was no generally accepted or recognized knowledge of any unsafe, inherently dangerous, hazardous or defective character, or nature of the product allegedly at issue, when used in the manner and for the purposes intended so that there was no duty by Defendants to know of such character or nature, or to warn Plaintiff or others similarly situated.

### Eleventh Defense

The claims against Defendants are barred in whole or in part because Defendants were not negligent and they did not furnish a product defective and unreasonably dangerous.

### Twelfth Defense

The claims against Defendants are barred in whole or in part because any products manufactured, sold or supplied by Defendants were not defective or unreasonably dangerous in that they complied, at all relevant times, with all applicable government safety standards.

### Thirteenth Defense

The claims against Defendants are barred in whole or in part because Defendants acted in accordance with all applicable standards and procedures.

### Fourteenth Defense

The claims against Defendants are barred in whole or in part because Plaintiff's alleged injuries and damages were caused by an intervening and superseding cause.

### Fifteenth Defense

The claims against Defendants are barred in whole or in part because of the doctrines of laches, waiver, release and estoppel.

### Sixteenth Defense

If Plaintiff sustained any of the injuries alleged in the Complaint, which is denied, said injuries were the result of an idiosyncratic reaction for which Defendants cannot be held liable.

### Seventeenth Defense

Defendants allege that any product allegedly manufactured or distributed by Defendants as described in the Complaint was reasonably safe for its intended use and was not defective in any manner.

### Eighteenth Defense

Defendants allege that any product allegedly manufactured or distributed by Defendants as described in the Complaint was not in a defective condition during the period of time when such product was within the custody or the control of Defendants.

### Nineteenth Defense

Because of the generality of the allegations in the Complaint and Jury Demand, Defendants reserve the right to amend their answer and affirmative defenses if investigation, discovery and further information should warrant such amendment, and, further, to assert any applicable matters of law during the pendency of this action.

WHEREFORE, Defendants, Macy's Midwest, an unincorporated division of Macy's Retail Holdings, Inc., and Make-Up Art Cosmetics, Inc., having fully answered Plaintiff's Complaint, move the Court to: (i) dismiss this action against them; and (ii) to grant such other and further relief as the Court deems just and proper.

**MACY'S MIDWEST, an unincorporated Division of Macy's Retail Holdings, Inc., and MAKE-UP ART COSMETICS, INC.**

**By Counsel**

s/ Ronda L. Harvey
Charles M. Love, III (WVSB # 2254)
Ronda L. Harvey (WVSB #6326)
Bowles Rice McDavid Graff & Love LLP
600 Quarrier Street
Post Office Box 1386
Charleston, West Virginia  25325
Telephone:	(304) 347-1100
Facsimile:	(304) 347-1746
Email:		clove@bowlesrice.com
		rharvey@bowlesrice.com

2752749.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Charleston Division**

**AMEE NICOLE TOPPING,**

    **Plaintiff,**

**v.**                                                                                          **Case No. 2:09-cv-1173
                                                                                                 Judge Joseph R. Goodwin**

**MACYS DEPARTMENT STORES
INCORPORATED, an Ohio
Corporation, and ESTEE LAUDER SERVICES,
INC., a Delaware corporation, doing business as
MAC COSMETICS,**

    **Defendants.**

## Certificate of Service

    I, Ronda L. Harvey, counsel for *Macy's Midwest and Make-Up Art Cosmetics*, do hereby certify that I have served the foregoing ***Answer of Defendants to Complaint*** this 2nd day of November, 2009, with the Clerk of the Court using the CM/ECF system, and that copies have been served to the following counsel by using the CM/ECF system:

    David L. White (WVSB # 4006)
    The Masters Law Firm lc
    181 Summers Street
    Charleston, West Virginia  25301
    Telephone:     (304) 342-3106
    Facsimile:      (304) 342-3189
    Email:            dlwhite01@charter.net

    s/ Ronda L. Harvey
    Ronda L. Harvey (WVSB #6326)
    Bowles Rice McDavid Graff & Love LLP
    600 Quarrier Street
    Post Office Box 1386
    Charleston, West Virginia  25325
    Telephone:     (304) 347-1100
    Facsimile:      (304) 347-1746
    Email:            clove@bowlesrice.com
                          rharvey@bowlesrice.com